**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANDRES GALINDO-DAVALOS,

      Defendant-Appellant.

No. 99-4154
(D.C. No. 98-CR-190-01)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **PORFILIO**, and **MAGILL**,[**] Circuit Judges.

      Appellant Andres Galindo-Davalos was convicted of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). He moved for a new trial, arguing his confession, obtained involuntarily through the implicit threat of torture, should not have been admitted at trial. The trial court denied his motion, and he brings this appeal.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Frank J. Magill, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

On April 29, 1998, Mr. Galindo-Davalos was arrested pursuant to a warrant after an F.B.I. drug investigation in Salt Lake City, Utah, revealed his involvement in the distribution of cocaine. Upon his arrest, Mr. Galindo-Davalos was interrogated, in Spanish, by Agent Ronald Ward. Mr. Galindo-Davalos signed both a written waiver of his *Miranda* rights and a confession.

Mr. Galindo-Davalos now contends his confession was obtained through the implied threat of torture. Specifically, he claims Agent Domenic Perriello, who was present during the interrogation, left the interrogation room and returned with a can of soda pop. According to the defense, Mexican police commonly obtain confessions through *tehuacanazo*, a form of torture which involves pouring a carbonated beverage into a suspect's sinuses. The defense contends Mr. Galindo-Davalos, who is a young Mexican national with no prior experience with U.S. law enforcement, saw the soda can and, believing torture to be imminent, confessed.

Mr. Galindo-Davalos raised the issue of voluntariness for the first time at trial, and prior to admitting the confession, the trial court held a hearing pursuant to 18 U.S.C. § 3501. There Agent Ward testified Mr. Galindo-Davalos signed a waiver of his *Miranda* rights after having them explained to him orally and after reading the written form himself out loud. Agent Ward characterized Mr. Galindo-Davalos as cooperative throughout the interview, never displaying any reluctance to continue answering questions. He also testified the can of soda was brought into the interrogation room for

Mr. Galindo-Davalos after he indicated he was thirsty. Mr. Galindo-Davalos himself did not testify at the voluntariness hearing. After hearing this testimony, the district court found the confession to be voluntary: "[t]he facts are unrebutted that the defendant was advised of his rights, the right to counsel, the right to remain silent and he voluntarily chose to speak. So the statement is found to be voluntary by the Court."

The voluntariness of a confession is ultimately a question of law which we review *de novo*, but we defer to the district court's underlying findings of fact unless they are clearly erroneous. **United States v. Wiseman**, 172 F.3d 1196, 1206 (10th Cir. 1999). In this case, there is simply no evidence in the record to indicate the district court's findings of fact are clearly erroneous. Agent Ward's testimony at trial describes a voluntary confession: Mr. Galindo-Davalos was informed of his right not to speak to the F.B.I. agents, he indicated both orally and in writing that he understood that right, and he then confessed in a cooperative manner. This depiction of events, of course, comes from the testimony of the interrogating F.B.I. agent, but his testimony was uncontroverted, and his credibility is not easily questioned at this stage of the proceedings. *See **Anderson v. City of Bessemer City**, 470 U.S. 564, 575-76 (1985) (affording great deference to credibility determinations).

We also believe Mr. Galindo-Davalos' testimony in his pre-trial suppression hearing casts doubt on the veracity of his claim that he confessed under what he perceived to be the imminent threat of torture. Mr. Galindo-Davalos initially moved to suppress his

confession not on grounds it was given involuntarily, but on the basis that he had requested and been denied counsel. In his testimony at that hearing, Mr. Galindo-Davalos described his arrest and interrogation, going so far as to indicate Agent Ward spoke in "a very aggressive tone" and "kept insisting with his face close to mine." However, he never mentioned the can of soda, despite his counsel's representation to this court that its impact on his client was equivalent to bringing a "red hot poker" into the interrogation room. Nor does he mention any fear that he would be tortured if he did not confess.

Seeing no clear error in the district court's findings of fact, we have no difficulty concluding as a matter of law that Mr. Galindo-Davalos' confession was voluntary. The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Senior Circuit Judge